UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID JAMES                                                                                    PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:11CV-640-S

CAROLYN W. COLVIN,
Acting Commissioner or Social Security                                                      DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court for consideration of the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge ("magistrate judge's report") concerning this appeal of an administrative decision of the Commissioner of Social Security.

The plaintiff, David James, filed this action pursuant to 42 U.S.C. § 405(g), for review of the decision denying his application for disability insurance and supplemental security income benefits. He contends that the administrative law judge ("ALJ") who heard his case failed to adequately address whether his diabetes and obesity met or equaled a Listed Impairment under 20 CFR Pt. 404, Subpt. P, App. 1, and failed to find James precluded from gainful employment as a result of his obesity.

The magistrate judge considered the parties' fact and law summaries and the administrative record ("Admin. R."), and concluded that the ALJ committed reversible error in deciding without analysis that James' impairments did not meet or medically equal a Listed Impairment.

The Commissioner filed objections to the magistrate judge's report, and James responded to those objections. The matter is presently before the court for consideration of the magistrate judge's report and the objections thereto.

This court has conducted a *de novo* review of those portions of the report to which objection has been made, in accordance with 28 U.S.C. § 636(b)(1)(B). The Commissioner contends that the ALJ complied with the applicable legal standards in the case and that substantial evidence in the record supported the decision that James was not disabled. However, this court agrees with the magistrate judge that the failure to address the medical evidence in light of the requirements of Listing 9.08A requires remand of the matter to the ALJ for further consideration. The court will accept and adopt in its entirety the magistrate judge's report.

## I. BACKGROUND

### A. Procedural History

James filed applications for disability insurance and supplemental security income benefits in July 2009, alleging that on February 28, 2009, he became disabled as a result of diabetes mellitus, and other conditions related to his diabetes and extreme obesity.[1] After James' applications were denied, both initially and on reconsideration, he requested and was granted a hearing before an ALJ. The ALJ issued an opinion in which he found that none of James' severe impairments met or equaled a Listed Impairment, and that James retained the residual functional capacity to perform sedentary work, with certain restrictions, and was therefore not disabled.[2] James timely requested review by the Appeals Council. His request was denied. He then timely appealed to this court.

### B. The Five-Step Evaluation Process

---

[1] Admin. R. at 121-132.

[2] *See generally* Admin. R. at 13-33.

In reaching a determination regarding a claimant's disability, an ALJ is required to perform a five-step sequential evaluation process. If the ALJ is able to find that a claimant either is or is not disabled at a particular step, he must not go on to the next step. The five steps are as follows:[3]

(1) At the first step, the ALJ consider the claimant's work activity, if any. If the claimant is engaged in substantial gainful activity, he is not disabled.

(2) At the second step, the ALJ consider the medical severity of the claimant's impairments. If there exists no severe medically determinable physical or mental impairment (or combination of impairments) that meets the duration requirement, the claimant is not disabled.

(3) At the third step, the ALJ also considers the medical severity of the claimant's impairments. If the claimant has an impairment that meets or equals one listed in 20 C.F.R. Pt. 404, Subpt. P, App 1, and meets the duration requirement, the ALJ must find that the claimant is disabled

Before the ALJ goes from step three to step four, he must assess the claimant's residual functional capacity, which the ALJ must use at both step four and step five when evaluating the claimant's alleged disability.

(4) At the fourth step, the ALJ must consider his assessment of the claimant's residual functional capacity and his past relevant work. If the claimant can still do his past relevant work, the ALJ must find that he is not disabled.

(5) At the fifth and last step, the ALJ must consider his assessment of the claimant's residual functional capacity and his age, education, and work experience to see if the claimant can make an adjustment to other work. A claimant who can make an adjustment to other work is not disabled, but one who cannot is disabled.

James contends that the ALJ erred (1) at step three, when he failed to find that his diabetes mellitus with neuropathy met or medically equaled Listing 9.08A, and (2) when he failed to consider the effect of James' extreme obesity when assessing his residual functional capacity.

---

[3] 20 C.F.R. § 404.1520(a)(4).

## II.  FINDINGS OF FACT

The ALJ found that Hartman suffers from the severe impairments of "obesity and diabetes with neuropathy and edema."[4]  James does not dispute this Finding (Number 3), but asserts that the ALJ's next finding regarding whether any of her impairments met or equaled an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, was erroneous as a matter of law and unsupported by the evidence in the record.

In Finding Number 4, the ALJ stated :

> **4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 406.925 and 416.926).**
>
> None of the professional medical opinions of record indicate that the claimant's impairments meet or equal the criteria of a listed impairment, nor does the objective medical evidence of record indicate as much.
>
> There are no listing criteria in Appendix 1 specific to the evaluation of obesity impairments.  However, SSR 02-1p requires consideration of obesity in determining whether a claimant has medically determinable impairments that are severe, whether those impairments meet or equal any listing, and finally in determining the residual functional capacity.  Obesity may have an adverse impact upon co-existing impairments.  For example, obesity may affect the cardiovascular and respiratory systems, making it harder for the chest and lungs to expand and imposing a greater burden upon the heart. Someone with obesity and arthritis affecting a weight bearing joint may have more pain and limitation than might be expected from arthritis alone.  In addition, obesity may limit an individual's ability to sustain activity on a regular and continuing basis during and eight-hour day, five-day week or equivalent schedule. These considerations have been taken into account in reaching the conclusions herein at the 2nd through 5th steps of the sequential disability evaluation process,

---

[4] Admin. R. at 25 (Finding No. 3).

even though no treating or examining medical source has specifically attributed additional or cumulative limitations to the claimant's obesity.[5]

The ALJ did not recite any particular Listed Impairments, nor did he set forth specific criteria, or discuss particular evidence in the record in support of his determination.

James contends that the medical record supports a finding of disability under Listing 9.08A. He urges that he is "impaired in multiple extremities," as evidenced by the finding of "mild mixed sensorimotor peripheral neuropathy," the fact that he has documented edema in both legs, and that he stopped working "due to numbness in his right leg, swollen fingertips and numbness in his right hand ring and pinky fingers."[6] James contends that the ALJ erred in failing to address this evidence under the specific requirements of Listing 9.08A. The magistrate judge agreed.

In objecting to the magistrate judge's findings, the Commissioner contends that the ALJ did not err in concluding summarily that there was a lack of evidence to support a finding of a Listed Impairment.[7] He urges that even if the ALJ erred in not making specific findings concerning whether the met the requirements of Listing 9.08A, the error was harmless, as his impairments do not satisfy the Listing.

James has cited to medical evidence that he contends meets the criteria of 9.08A, in attempting to counter the Commissioner's objection. He contends that the evidence establishes that he suffers from significant sensory disturbances in two extremities, and that his impairments

---

[5] Admin R. at 26.

[6] Admin. R. at 236, 240, 270.

[7] The Commissioner additionally argues that the ALJ's decision should be affirmed because James did not argue that he met the requirements of a Listed Impairment. However, James has identified specific medical evidence that he claims supports a finding of disability under Listing 9.08A, and argues that it was error not to address this evidence. This case is distinguishable from *Malone v. Comm'r of Social Security*, No. 12-3028, 2012 WL 5974463 (6th Cir. Nov. 29, 2012), where it was clear that there was no medical evidence to support a Listed Impairment.

otherwise meet the criteria of the Listing. The Commissioner rejoins that other medical evidence suggests that James is not significantly impaired, as required under the Listing. The magistrate judge identified these medical findings in his report (DN 11, pp. 7-9), and concluded that the ALJ must evaluate and compare this evidence with the Listing criteria.

As the magistrate judge noted, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner is the finder of facts, and he must do so in this instance in addressing Listing 9.08A. 42 U.S.C. § 405(g); *Reynolds v. Comm'r of Social Security*, 424 Fed.Appx. 411, *415 (6th Cir. 2011)(ALJ must compare the medical evidence with the requirements for listed impairments in considering whether the requirements are met or medically equaled).

For these reasons, the court will accept and adopt the magistrate judge's report and order this matter remanded for further proceedings. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

August 12, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**